**DPS-237**                                                                                                                              **May 26, 2006**
**UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT**

C.A. Nos. **06-1245/1246**

RONALD G. JOHNSON

    VS.

COURT OF COMMON PLEAS OF NEW CASTLE COUNTY, ET AL.
        (D. Del. Civ. No. 05-cv-00258)

RONALD G. JOHNSON

    VS.

JUSTICE HOLLAND, ET AL.
        (D. Del. Civ. No. 05-cv-00726)

Present: FUENTES, VAN ANTWERPEN AND CHAGARES, <u>CIRCUIT JUDGES</u>

    Submitted are:

    (1)    Appellant's request for a certificate of appealability under 28 U.S.C. § 2253(c)(1);

    (2)    By the Clerk for possible dismissal (C.A. No. 06-1246);

    (3)    The appeal at C.A. No. 06-1246 for possible summary action pursuant to 3rd Circuit Local Appellate Rule 27.4 and Chapter 10.6 of the Court's Internal Operating Procedures; and

    (4)    Appellant's response to the Clerk's listing for possible dismissal

in the above-captioned case.

                                                    Respectfully,

                                                    Clerk

MMW/CJG/lwc

**DPS-237**                                                        May 26, 2006

Johnson
  vs.
Court of Common Pleas of New Castle County, et al.

Johnson
  vs.
Holland, et al.

C.A. Nos. **06-1245/1246**
Page 2

_____

_____O R D E R_____

**The foregoing** request for a certificate of appealability in C.A. No. 06-1245 is dismissed as moot.  It appears that on April 21, 2006, the prosecutor filed a <u>nolle</u> <u>prosequi</u> with respect to the charges which served as the basis for the incarceration challenged by appellant.  Appellant has not demonstrated that he would suffer adverse collateral consequences stemming from the dismissed charges that are the subject of the underlying habeas petition.  <u>See</u> <u>Spencer v. Kemna</u>, 523 U.S. 1, 7-8, 14 (1998).  The appeal at C.A. No. 06-1246 will be dismissed as having been untimely filed.  A notice of appeal in a civil case must be filed within 30 days of the date of entry of the judgment or order appealed.  <u>See</u> Fed. R. App. P. 4(a)(1)(A).  The District Court's order was entered on November 2, 2005.  Appellant's notice of appeal, however, was not filed until December 27, 2005, which is beyond the permissible 30 day period.  Because the notice of appeal was filed outside the time period prescribed for filing a notice of appeal, the appeal is dismissed.  To the extent appellant's notice of appeal was intended as a challenge to the District Court's final order of dismissal entered in D. Del. Civ. No. 05-cv-00258, we note that a timely appeal was filed and docketed at C.A. No. 06-1245, and, as such, the appeal is repetitive and unnecessary.

                                                        By the Court,


                                                         /s/ *Franklin S. Van Antwerpen*
                                                        Circuit Judge

Dated:  June 5, 2006
lwc/cc:   Mr. Ronald G. Johnson
             Thomas E. Brown, Esq.

A True Copy:

Marcia M. Waldron, Clerk